THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY HEIMOWITZ, Now Known as HENRY HYMES, Appellant.— In a proceeding to vacate a judgment of conviction (coram nobis) on the ground that the defendant was not advised of his right to counsel, order denying the application, entered after trial, affirmed. No opinion. Adel, Acting P. J., Wenzel, MacCrate and Beldock, JJ., concur; Murphy, J., dissents and votes to reverse the order and to grant the application, with the following memorandum: The appellant pleaded guilty to the crime of robbery in the first degree in 1925, and he claims the judgment of conviction is void because he was not advised of his right to counsel. His application to vacate the judgment was denied. While the court was justified in placing great weight on the testimony of the distinguished Judge who presided at the time of the appellant's plea of guilty in 1925, and on the testimony of the former and esteemed District Attorney, now a Justice of the Supreme Court of the State of New York, nevertheless, in my opinion, the

fact that the diary of the former District Attorney contained a notation "No att'y" after appellant's name in recording several appearances before the court, clearly rebuts the presumption of regularity and entitles the appellant to vacatur of the judgment of conviction. Especially is this so when the former District Attorney's diary, on the same days as appellant's name appears, contains notations of the names of other prisoners and their counsel or the names of counsel "assigned". Even the name of counsel for the appellant's codefendant appears on the same pages as the notation "No att'y" after the appellant's name. In 1925, the appellant was only twenty-two years of age and admittedly illiterate. The application for an order vacating the judgment of conviction should have been granted.